UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

XUNXIAN LIU,

    *Plaintiff*,

  v.

GEORGETOWN UNIVERSITY,

    *Defendant*.

Civil Action No. 22-157 (RDM)

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Plaintiff Xunxian Liu's motion for reconsideration, Dkt. 76, Defendant Georgetown University's opposition, Dkt. 77, and Liu's reply, Dkt. 78. For the reasons explained below, Liu's motion will be denied.

Rule 60(b) authorizes a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds: "(1) mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence;" (3) fraud, misrepresentation, or misconduct by an opposing party; (4) "the judgment is void;" (5) "the judgment has been satisfied, released, or discharged;" or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Motions for reconsideration are 'disfavored,'" *United States v. All Assets Held at Bank Julius*, 502 F.Supp.3d 91, 95 (D.D.C., 2020) (citation omitted), and the movant under Rule 60(b) bears the burden of showing that he or she is entitled to relief, *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). "'[T]he decision to grant or deny a [R]ule 60(b) motion is' likewise 'committed to the discretion of the [d]istrict [c]ourt.'" *Williams v. Brennan*, 322 F. Supp. 3d 140, 141 (D.D.C. 2018) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)).

Here, Liu invokes Rule 60(b)(1),[1] arguing that the Court committed "mistake" by "incorrectly analyz[ing]" the University's motion for judgment on the pleadings under Rule 12(c) by "using the 12(b)(6) motion to dismiss standard." Dkt. 76 at 3–4. As the Court explained in its opinion, however, it is well-established that "[w]hen evaluating a motion for judgment on the pleadings under the Federal Rule of Civil Procedure 12(c), courts employ the same standard that governs a Rule 12(b)(6) motion to dismiss." Dkt. 73 at 9 (quoting *McNamara v. Picken*, 866 F. Supp. 2d 10, 14 (D.D.C. 2012)); *see* Dkt. 77 at 4 (collecting cases). Liu correctly notes that Rule 12(c) and 12(b)(6) motions differ in their procedural postures, Dkt. 76 at 4–5, but Liu provides no reason to believe that this settled understanding of Rule 12(c)'s legal standard is incorrect.

Next, Liu argues that the Court "erred" by accepting the factual allegations in his complaint as true. Dkt. 76 at 9 (listing facts that the University disputed in its answer and acknowledging that "[i]n analyzing the case, the Court took these facts as true"). Liu observes that the University disputed some of the factual allegations in his complaint. From there, Liu reasons that, from *the University's* perspective, there remained genuine disputes of material fact, making judgment on the pleadings improper. *Id.* at 8–9. Liu's argument is misplaced in several respects. Because Liu opposed judgment on the pleadings, the Court was required to "accept as true the allegations in [his] pleadings, and as false all controverted assertions" in the University's answer. *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*,

---

[1] Liu also appears to invoke Rule 60(b)(6), Dkt. 76 at 3, but that provision is only available where none of the other subsections apply. As a result, Liu cannot rely on Rule 60(b)(6) to argue that reconsideration is warranted because the Court committed legal error. *See Jarvis v. Parker*, 13 F. Supp. 3d 74, 80 (D.D.C. 2014) (Rule 60(b)(6) motion cannot be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)" (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988))).

2

933 F.3d 751, 760-61 (D.C. Cir. 2019).  That is exactly what the Court did:  although the University denied some of Liu's factual allegations, the Court accorded those denials no weight.  To the extent there were any disputes of fact, the Court assumed that Liu's version of events was true.  In any event, it is unclear why Liu would fault the Court for adhering to a requirement that works in his favor.

Finally, Liu argues that the Court erred in holding that his allegations did not give rise to an inference of race discrimination under 42 U.S.C. § 1981.  Dkt. 76 at 9–14.  But a motion for reconsideration is not to be used to "reargue facts and theories upon which [the Court] has previously ruled," *Avila v. Dailey*, 404 F. Supp. 3d 15, 28 (D.D.C. 2019), or "present[] theories or arguments that could have been advanced earlier," *United States v. All Assets Held at Bank Julius*, 502 F. Supp. 3d 91, 98 (D.D.C. 2020).  The Court previously considered and rejected Liu's argument that the University violated § 1981 by discriminating against him for having a "thick accent and broken English."  Dkt. 76 at 10; *see* Dkt. 73 at 13.  Liu may not relitigate the issue under the guise of a motion for reconsideration.

 Accordingly, Liu's motion for reconsideration, Dkt. 76, is **DENIED.**

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 12, 2024